IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JULIE L. KARLEN                                                                                         PLAINTIFF

v.                                              CIVIL NO. 23-3007

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Julie L. Karlen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for disabled widow's insurance benefits (DWB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DWB and SSI on July 30, 2019, alleging an inability to work since January 1, 1991, due to anxiety, a borderline personality disorder, phobia to medications, and short-term memory loss due to a head injury. (Tr. 77, 242, 249). An administrative video hearing was held on April 29, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 35-71). With respect to the DWB application, Plaintiff's prescribed period began on June 8, 2019, the date the wage earner died. (Tr. 13).

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated February 2, 2022, the ALJ found Plaintiff is the unmarried widow of a deceased insured worker who attained the age of fifty. (Tr. 15). With respect to her DWB application, the ALJ found Plaintiff's prescribed period ended on November 30, 2020. (Tr. 15). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: an eating disorder, carpal tunnel syndrome, late effect of a nervous system injury, depression, and anxiety. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can frequently finger with her right upper extremity. She is limited to work where interpersonal contact is incidental to the work performed. Tasks are learned by rote with few variables and little judgment required. Supervision is simple, direct and concrete.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a floor waxer, a kitchen helper, and a cleaner II. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 30, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: A) Plaintiff's due process rights were violated; B) The ALJ failed to propound an accurate hypothetical question to the vocational expert; and C) The ALJ's decision denying benefits is not supported by the record. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 11).

Plaintiff argues her due process rights were violated when ALJ Edward M. Starr, who was not the ALJ[2] who held the administrative hearing on April 29, 2021, failed to hold a supplemental hearing prior to denying Plaintiff's applications on February 2, 2022. Plaintiff states ALJ Starr never provided her with a supplemental hearing which was "clear error." (ECF No. 9, p. 6).

The substitution of ALJ Starr for ALJ Shilling did not deny Plaintiff a full and fair hearing. *See Wilburn v. Astrue*, 626 F.3d 999, 1003 (8th Cir. 2010) (citations omitted). Furthermore, a review of the record revealed that ALJ Starr sent Plaintiff a notice dated December 10, 2021,

---

[2] The administrative hearing on April 29, 2021, was held before ALJ Clifford Shilling. (Tr. 35).

3

wherein ALJ Starr indicated additional evidence had been obtained in her case and that she had 10 days from the date she received the notice to submit interrogatories or to request a supplemental hearing. (Tr. 414). The record fails to show Plaintiff submitted additional interrogatories or requested a supplemental hearing. Plaintiff also failed to raise this issue when she appealed the hearing decision to the Appeals Council. (Tr. 239-241). The Court finds Plaintiff's due process rights were not violated.

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform medium work with limitations, the ALJ considered the medical assessments of treating medical providers and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a floor waxer, a kitchen helper, and a cleaner II. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of January 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE